IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| E-CONTACT TECHNOLOGIES LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 1:11-CV-426 |
| APPLE INC., et al., | § § | <u>JURY TRIAL DEMANDED</u> |
| Defendants. | § § § | |

### <u>APPLE INC.'S ANSWERS, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO E-CONTACT LLC'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT</u>

Defendant Apple Inc. ("Apple"), by and through its undersigned counsel, submits its Answers, Affirmative Defenses, and Counterclaims to E-Contact Technologies LLC's ("E-Contact") Original Complaint for Patent Infringement (the "Complaint") and states as follows:

### <u>PARTIES</u>

1. Apple admits that, on information and belief, E-Contact is a limited liability company formed under the laws of the State of Texas.

2. Apple admits that it is a California corporation with a principal place of business at 1 Infinite Loop, Cupertino, California 95014 and can be served with process by serving its registered agent: CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201.

3. Apple does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 3, and, on that basis these allegations are denied.

4. Apple does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 4, and, on that basis these allegations are denied.

5. Apple does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 5, and, on that basis these allegations are denied.

6. Apple does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 6, and, on that basis these allegations are denied.

7. Apple does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 7, and, on that basis these allegations are denied.

8. Apple does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 8, and, on that basis these allegations are denied.

9. Apple does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 9, and, on that basis these allegations are denied.

10. Apple does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 10, and, on that basis these allegations are denied.

11. Apple does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 11, and, on that basis these allegations are denied.

12. Apple does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 12, and, on that basis these allegations are denied.

13. Apple does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 13, and, on that basis these allegations are denied.

14. Apple does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 14, and, on that basis these allegations are denied.

15. Apple does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 15, and, on that basis these allegations are denied.

16. Apple does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 16, and, on that basis these allegations are denied.

17. Apple does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 17, and, on that basis these allegations are denied.

18. Apple does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 18, and, on that basis these allegations are denied.

19. Apple does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 19, and, on that basis these allegations are denied.

20. Apple does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 20, and, on that basis these allegations are denied.

21. Apple does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 21, and, on that basis these allegations are denied.

22. Apple does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 22, and, on that basis these allegations are denied.

23. Apple does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 23, and, on that basis these allegations are denied.

24. Apple does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 24, and, on that basis these allegations are denied.

25. Apple does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 25, and, on that basis these allegations are denied.

26. Apple does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 26, and, on that basis these allegations are denied.

## JURISDICTION AND VENUE

27. Apple admits that this Court has jurisdiction over actions for patent infringement generally under 28 U.S.C. §§ 1331 and 1338(a) and that the complaint in this action alleges patent infringement under 35 U.S.C. §271. Apple denies infringement and that this case "arises" under 35 U.S.C. §§ 271, 281, and 284-285, among others.

28. Apple admits it has transacted and does transact business in the Eastern District of Texas, and that under 28 U.S.C. §§1391 and 1400(b) this case can be brought in this district. Apple denies that venue is convenient for this case. Apple denies it has "committed and/or induced acts of patent infringement in this district," and denies that its products and services infringe the asserted patents. Apple specifically denies any wrongdoing and denies that the claims against Apple have merit. Apple does not have sufficient knowledge or information as to the truth of the remaining allegations set forth in Paragraph 28 and, on that basis these allegations are denied.

29. Apple admits that it is subject to the specific general and personal jurisdiction of this Court for this lawsuit based on the allegations made by E-Contact. Apple admits to doing or soliciting business in this forum in the sense that it markets and sells its products throughout the United States, including within Texas and this judicial district. Apple denies that its products and services infringe the asserted patents. Apple specifically denies any wrongdoing and denies that the claims against Apple have merit. Apple does not have sufficient knowledge or information as to the truth of the remaining allegations set forth in Paragraph 29 and, on that basis these allegations are denied.

## COUNT I

30. Apple admits that United States Patent 5,347,579 (the "'579 patent") on its face recites an issue date of September 13, 1994 and bears the title "Personal Computer Diary." Apple denies that the 579 Patent was "duly issued." Apple admits that it appears a true and correct copy of the '579 Patent is attached to the Original Complaint as Exhibit A.

31. Denied.

32. Denied.

33. Apple does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 33 and, on that basis these allegations are denied.

34. Apple does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 34 and, on that basis these allegations are denied.

35. Apple does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 35 and, on that basis these allegations are denied.

36. Apple does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 36 and, on that basis these allegations are denied.

37. Apple does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 37 and, on that basis these allegations are denied.

38. Apple does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 38 and, on that basis these allegations are denied.

39. Apple does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 39 and, on that basis these allegations are denied.

40. Apple does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 40 and, on that basis these allegations are denied.

41. Apple does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 41 and, on that basis these allegations are denied.

42. Apple does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 42 and, on that basis these allegations are denied.

43. Apple does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 43 and, on that basis these allegations are denied.

44. Apple does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 44 and, on that basis these allegations are denied.

45. Apple does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 45 and, on that basis these allegations are denied.

46. Apple does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 46 and, on that basis these allegations are denied.

47. Apple does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 47 and, on that basis these allegations are denied.

48. Apple does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 48 and, on that basis these allegations are denied.

49. Apple does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 49 and, on that basis these allegations are denied.

50. Apple does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 50 and, on that basis these allegations are denied.

51. Apple does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 51 and, on that basis these allegations are denied.

52. Apple does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 52 and, on that basis these allegations are denied.

53. Apple does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 53 and, on that basis these allegations are denied.

54. Apple does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 54 and, on that basis these allegations are denied.

55. Apple does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 55 and, on that basis these allegations are denied.

56. Apple does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 56 and, on that basis these allegations are denied.

**RESPONSE TO PLAINTIFF'S JURY DEMAND**

To the extent a response is required, Apple admits that E-Contact's Original Complaint contains a request for a jury trial.

**RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF**

Apple denies that E-Contact is entitled to any of the relief sought in its prayer for relief against Apple, its agents, employees, representatives, successors and assigns, and those acting in privity or concert with Apple. Apple has not directly, indirectly, contributorily, and/or by inducement, literally and/or by the doctrine of equivalents, infringed willfully, or otherwise, any claim or claims of the '579 Patent. E-Contact is not entitled to recover damages, injunctive relief, costs, fees, interest, or any other type of recovery from Apple. E-Contact's prayer should, therefore, be denied in its entirety and with prejudice, and E-Contact should take nothing. Apple asks that judgment be entered for Apple and that this action be found to be an exceptional case entitling Apple to be awarded attorneys' fees in defending against E-Contact's Original Complaint, together with such other and further relief the Court deems appropriate.

## APPLE'S AFFIRMATIVE DEFENSES

Without assuming any burden other than that imposed by operation of law, Apple asserts the following affirmative defenses to E-Contact's claims against Apple:

### First Defense – Failure To State A Claim

57. E-Contact's First Amended Complaint fails to state a claim upon which relief can be granted. Apple has not performed any act or thing and is not proposing to perform any act or thing in violation of any rights validly belonging to E-Contact.

### Second Defense - Noninfringement

58. Apple does not infringe any valid and enforceable claim or claims of the '579 Patent in any manner under 35 U.S.C. §271(a), (b), (c), and/or (f), willfully or otherwise.

### Third Defense – Invalidity

59. E-Contact's purported claims for infringement of the '579 Patent are barred because each and every claim of the '579 Patent is invalid for failure to comply with the requirements of Title 35, United States Code, including, but not limited to Sections 101, 102, 103, and/or 112.

### Fourth Defense – Prosecution Laches

60. E-Contact's purported claims for infringement of the '579 Patent are barred because the '579 Patent is unenforceable due to prosecution laches.

### Fifth Defense - Laches

61. E-Contact's claims for relief are barred in whole or in part by the equitable doctrine of laches.

### Sixth Defense - Estoppel

62. The '579 Patent is limited and/or unenforceable by reason of estoppel, including without limitation equitable estoppel and prosecution history estoppel.

### Seventh Defense - Marking

63. E-Contact is barred in whole or in part from recovering damages under 35 U.S.C. §287.

### Eighth Defense – Section 286

64. E-Contact's claims for relief and prayer for damages are limited by 35 U.S.C. § 286.

### Reservation of All Affirmative Defenses

65. Apple reserves all affirmative defenses permitted under the Federal Rules of Civil Procedure, the patent laws of the United States and/or at law or in equity, that may now exist or in the future be available based on discovery and further investigation in this case.

### COUNTERCLAIMS

Apple Inc. ("Apple") alleges the below counterclaims in accordance with Federal Rules of Civil Procedure 13 and 20 against plaintiff E-Contact Technologies LLC ("E-Contact"):

### Jurisdiction and Venue

66. Apple is a corporation organized and existing under the laws of the State of California, with its principal place of business at 1 Infinite Loop, Cupertino, CA 95014.

67. On information and belief, E-Contact is a limited liability company formed under the laws of the State of Texas, with its principal place of business at 815 Brazos St., Suite 500, Austin, TX, 78701.

68. These counterclaims arise under the United States patent laws, 35 U.S.C. § 101 *et seq*. These counterclaims seek declaratory relief for which this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

69. Venue in this District is appropriate over these counterclaims because E-Contact has consented to the propriety of venue in this Court by filing its claims for patent infringement in this Court, in response to which these counterclaims are asserted.

**Facts Concerning the '579 Patent**

70. E-Contact claims to be the owner of United States Patent No. 5,347,579 (the "'579 Patent"), which, on its face, is entitled "Personal Computer Diary." On its face, the '579 Patent states that it was issued on September 13, 1994. The '579 Patent identifies the alleged inventor as Robert R. Blandford. A copy of the '579 Patent is attached as Exhibit A to E-Contact's Complaint.

**COUNT I**

**Declaration of Noninfringement**

71. Apple realleges and incorporates by reference the allegations set forth in Paragraphs 1 – 70 above as if fully set forth herein.

72. An actual and justiciable controversy exists between Apple and E-Contact with respect to the '579 Patent because E-Contact brought this action against Apple and others alleging that Apple infringes the '579 Patent, which allegation Apple denies. Absent a declaration of noninfringement, E-Contact will continue to wrongfully assert the '579 Patent against Apple, and thereby cause Apple irreparable injury and damage.

73. Apple has not infringed any valid and enforceable claim or claims of the '579 Patent in any manner, willfully or otherwise, and is entitled to a declaration to that effect.

74. This is an exceptional case entitling Apple to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## COUNT II

### Declaration of Invalidity

75. Apple realleges and incorporates by reference the allegations set forth in Paragraphs 1-74 above as if fully set forth herein.

76. An actual and justiciable controversy exists between Apple and E-Contact with respect to the validity of the claims of the '579 Patent because E-Contact brought this action against Apple and others alleging that Apple infringes the '579 Patent, which allegation Apple denies. Absent a declaration of invalidity, E-Contact will continue to wrongfully assert the '579 Patent against Apple, and thereby cause Apple irreparable injury and damage.

77. Each and every claim of the '579 Patent is invalid under the provisions of Title 35, United States Code, including, but not limited to Sections 101, 102, 103, and/or 112, and Apple is entitled to a declaration to that effect.

78. This is an exceptional case entitling Apple to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## RELIEF

WHEREFORE, Apple seeks the following relief:

a. That each and every claim of the '579 Patent be declared not infringed by Apple;

b. That each and every claim of the '579 Patent be declared invalid;

c. That E-Contact take nothing by its Complaint and that E-Contact's Complaint be dismissed with prejudice and judgment be entered in favor of Apple and against E-Contact on all counts;

  d.  That pursuant to 35 U.S.C. § 285 and/or other applicable laws, E-Contact's conduct in commencing and pursuing this action be found to render this an exceptional case and that Apple be awarded its attorneys' fees incurred in connection with this action;

  e.  That Apple be awarded its costs of suit incurred herein; and

  f.  That Apple be granted such other and additional relief as this Court deems just and proper.

## JURY DEMAND

Apple hereby demands a trial by jury on all issues properly triable before a jury.

Dated: November 25, 2011    Respectfully submitted,

    By: /s/ Garland T. Stephens
      Garland T. Stephens (24053910)
      Benjamin C. Elacqua (24055443)
      FISH & RICHARDSON P.C.
      1221 McKinney Street, Suite 2800
      Houston, Texas 77010
      Telephone: (713) 652-0115
      Facsimile: (713) 652-0109
      stephens@fr.com
      elacqua@fr.com

      Betty H. Chen (24056720)
      FISH & RICHARDSON P.C.
      500 Arguello Street, Suite 500
      Redwood City, California 94063-1566
      Telephone: (650) 839-5000
      Facsimile: (650) 839-5070
      bchen@fr.com

    *Counsel for Defendant Apple Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 25th day of November, 2011, a true and correct copy of the above and foregoing document has been served on all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

      /s/ Khoa Nguyen

71116307