**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | |
|---|---|
| E-CONTACT TECHNOLOGIES LLC, | |
| Plaintiff, | CIVIL ACTION NO. 1:12-cv-471 |
| v. | |
| APPLE INC., | **JURY TRIAL DEMANDED** |
| Defendant. | |

**MOTION TO COMPEL APPLE TO PRODUCE
DAMAGES DISCOVERY**

I.      **INTRODUCTION**

The case concerns auto-complete technology that makes it easier for a user of an email program to enter email addresses when composing emails.  This technology is particularly important on mobile devices, such as smartphones, because it is difficult for users to enter email addresses using small keyboards.  E-Contact contends that the auto-complete technology used by Apple in its products infringes its patent.

One of the key issues in the case is the value that should be ascribed to the auto-complete features of Apple's email user-interfaces.  In proving damages, E-Contact will have to establish the value of this feature, including how this feature should be valued in comparison to other features of Apple's products.  So E-Contact has asked Apple to provide discovery relating to its valuation of similar user-interface technology, including, most importantly, discovery about the positions Apple has taken in recent litigation regarding the value of user-interface features in smartphone and tablet products.

Apple has refused to provide this discovery.  Apple's position has been that (1) such information is discoverable only to the extent it is directed to the specific auto-complete feature of its products that has been accused of infringement in this case and (2) Apple have never made a valuation of that specific feature.  On this ground, Apple has refused to provide discovery relating to its valuations of user-interface features.

II.     **APPLE'S RESPONSES TO E-CONTACT'S DISCOVERY REQUESTS**

E-Contact's Interrogatory No. 2 seeks information relating to Apple's valuation of user-interface technology similar to the user-interface technology involved in this case:

> Identify any documents (including but not limited to licenses,
> settlement agreements, expert reports, damages calculations,
> internal evaluations, external evaluations, interrogatory responses,

> discovery responses, motions, briefs, etc.) or other information that
> either:
>
> (i)  showed your valuation of a patent right related to features of
> the user interface in third party products similar to the Accused
> Products (including but not limited to documents from *Apple Inc.
> v. Samsung Electronics, et al.* (N.D. Cal); *Apple Inc. v. Motorola,
> Inc., et al.* (N.D. Ill.); *Nokia Corp. v. Apple Inc.* (D. Del.); *Apple
> Inc. v. High Tech Computer Corp.*, et al (D. Del); and *Creative
> Technology Ltd. v. Apple Computer, Inc.* (N.D. Cal.)); or
>
> (ii)  showed your valuation or the valuation of third parties of a
> paten related to the features of the user interface in the Accused
> Products.

Ex. 1 at 7 [Apple's Responses to Interrogatories].

Apple responded only with objections, stating that it would meet and confer about

providing a response after the damages discovery period opened on October 24, 2012. *See id.* at

7-8.  During meet and confer, Apple took the position that it need not produce any discovery

relating to user-interface technology (other than the specific auto-complete features accused of

infringement in this case) because such materials are not relevant.

E-Contact also served a notice of deposition of Apple under Fed. R. Civ. P. 30(b)(6). *See*

Ex. 2 [Apple's Response to Notice].  This notice asked Apple to present a witness to testify

about its valuations of user-interface technology, including specifically Apple's valuations in

other litigations:

> Topic No. 10:  Your valuation of any patent right related to
> features of the user interface in third party products similar to the
> Accused Products (including but not limited to your valuation of
> patent rights in from *Apple Inc. v. Samsung Electronics, et al.*
> (N.D. Cal); *Apple Inc. v. Motorola, Inc., et al.* (N.D. Ill.); *Nokia
> Corp. v. Apple Inc.* (D. Del.); *Apple Inc. v. High Tech Computer
> Corp., et al.* (D. Del); and *Creative Technology Ltd. v. Apple
> Computer, Inc.* (N.D. Cal.)).

>Topic No. 11:  Your valuation (or the valuation of a third party) of a patent right related to features of the user interface in the Accused Products.

*See id.* at 9-10.

Apple responded to these topics only with objections.  During meet and confer, Apple refused to produce a witness on these topics, again taking the position that valuations of user-interface technology (other than the auto-complete features specifically accused of infringement in this case) are not relevant.  *See id.* at 9-10.

Apple has taken the same position with respect to producing documents reflecting such valuations.

In summary, Apple refuses to produce documents, answer interrogatories, or provide a Rule 30(b)(6) witness on its valuations of user-interface technology, other than to say that it has made no valuations of the specific auto-complete feature accused of infringement in this case.

## III.    THE INFORMATION SOUGHT BY E-CONTACT IS DISCOVERABLE

The rules of discovery are accorded a broad and liberal application to affect their purpose of adequately informing litigants in civil trials. *Herbert v. Lando,* 441 U.S. 153, 176 (1979). "A district court has broad discretion in all discovery matters . . . ." *Beattie v. Madison County Sch. Dist.,* 254 F.3d 595, 606 (5th Cir.2001) (quoting *Kelly v. Syria Shell Petroleum Dev. B. V.,* 213 F.3d 841, 855 (5th Cir.2000)); *see also Alpine View Co. v. Atlas Copco AB,* 205 F.3d 208, 220 (5th Cir.2000).  The party requesting discovery may move to compel the disclosure of any materials requested so long as such discovery is relevant and otherwise discoverable.  *See* Fed. R. Civ. P. 37; *Export Worldwide, Ltd. v. Knight,* 241 F.R.D. 259, 263 (W.D. Tex.2006) ("Federal Rule of Civil Procedure 37(a) [ (3)(B) (iii) and (iv) ] empowers the court to compel the production of documents ... upon motion by the party seeking discovery.").

Apple has recently been engaged in a series of litigations relating to various features of the user-interfaces included in its iPhone and iPad products, as well as the products of its competitors.  For example, in recent litigation with Samsung, Apple alleged that Samsung introduced products that contain "distinctive user interfaces" that were "slavishly copied" from Apple's products.  *See, e.g.*, Ex. 3 at ¶ 4 [4/15/11 Complaint].  In that litigation, Apple asserted patents covering various features of its user-interfaces, ranging from "the arrangement of text messages on the screen, to the way images and documents appear to 'bounce back' when the user scrolls too far, down to movement of the buttons." *See id.* at ¶ 23.

Discovery about valuations of user-interface features at issue in these types of litigation is directly relevant to this case.  Apple contends that it should not have to provide this type of discovery for anything other than the specific user-interface feature accused of infringement, auto-compete.  But valuations of analogous technology is relevant to determining damages.  *See Georgia-Pacific Corp. v. US Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970) (listing the license rates paid for the use of other patents comparable to the patented-in-suit as a factor to be evaluated in the damages analysis). This is especially important here where Apple has no valuations of the specific feature accused of infringement.  It is also especially important in this case because apportionment of the damages base will be a key issue:  Apple will likely argue that in determining the damages base, E-Contact must apportion the value of the accused product among the specific feature accused of infringement and the other features of the accused product.  So Apple's valuation of other features of its user-interface is directly relevant to the value of the specific feature accused of infringement in this case.

In very similar circumstances, another district court ordered the same type of discovery sought by E-Contact here.  *See High Point SARL v. Sprint Nextel Corp.,* No. 09-cv-2269, 2012

WL 1533213 (D. Kan. Apr. 30, 2012).  There, as here, the patent plaintiff sought discovery from another patent litigation that the defendant had been involved in, including damages expert reports and transcripts of damages expert depositions.  *See id.* at *2.  There, as here, the defendant refused to produce such discovery, arguing that it was irrelevant because the other litigation did not involve the identical technology at issue in the current case.  *See id.*  The district court rejected this argument, concluding that valuations relating to comparable technology are relevant under multiple Georgia Pacific factors, and thus discoverable.  *See id.* at *7.

Defendants will likely rely on *SSL Services, LLC v. Citrix Sys., Inc.*, No. 2:08-cv-148, 2010 WL 547478 (E.D. Tex. Feb. 10, 2010).  In that case, the Court denied a motion to compel damages expert reports from other patent litigations involving the defendants.  But there the Court was focused on the fact that the underlying financial information such as units, revenue, and sales volumes had already been produced.  Here, because of the apportionment issues in this case, more than the raw sales numbers will be needed.  For example, the underlying factual data includes things like surveys that Apple conducted to support its damages models in which customers identified the value of various features of the products accused of infringement in this case.  Apple has not produced this underlying information.  Moreover, Apple should produce the expert reports and other litigation submissions so that E-Contact can determine what other underlying data exists, and so that E-Contact can use them to cross-examine and depose Apple's witnesses.

## IV.   CONCLUSION

For the foregoing reasons, the motion to compel should be granted.  Apple should be ordered to fully respond to Interrogatory No. 2, to provide a witness fully prepared to testify on

Topic Nos. 10 and 11, and to produce all documents relating to the topics of those discovery

requests.

Dated:  December 3, 2012                    Respectfully submitted,

                                            */s/ Matthew J. Antonelli*
                                            Zachariah S. Harrington (lead attorney)
                                            Texas Bar No. 24057886
                                            zac@ahtlawfirm.com
                                            Matthew J. Antonelli
                                            Texas Bar No. 24068432
                                            matt@ahtlawfirm.com
                                            Larry D. Thompson, Jr.
                                            Texas Bar No. 24051428
                                            larry@ahtlawfirm.com
                                            Kris Y. Teng
                                            Texas Bar No. 24079443
                                            kris@ahtlawfirm.com
                                            ANTONELLI, HARRINGTON & THOMPSON
                                            LLP
                                            4200 Montrose Blvd., Ste. 430
                                            Houston, TX 77006
                                            (713) 581-3000

                                            *Attorneys for*
                                            *E-Contact Technologies LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd day of December 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Matthew J. Antonelli*
Matthew J. Antonelli

**CERTIFICATE OF CONFERENCE**

Counsel has complied with the meet and confer requirements in Local Rule CV-7(h). The personal conference required by the rule was conducted by telephone by Matthew J. Antonelli for E-Contact and Ben Elacqua for Apple, on November 27, 2012.  Previously, a separate meet-and-confer was conducted by Zachariah Harrington for E-Contact and Ben Elaqua for Apple by telephone.  The parties agreed during both conferences that discussions had conclusively reached an impasse, leaving an open issue for the Court to resolve.  Apple opposes this motion.

*/s/ Matthew J. Antonelli*
Matthew J. Antonelli